J. I. Case Threshing Machine Co. v. Tallman, 185 Ill. App. 68.

## Abstract of the Decision.

1. EXECUTORS AND ADMINISTRATORS, § 496*—*when admissions of administrators as to contracts of deceased incompetent.* In an action against administrators of the estate of the deceased to recover damages on a contract made by deceased, evidence of conversations by the administrators, or either of them, tending to recognize the validity of the contract or to vary the terms thereof is incompetent.

2. EXECUTORS AND ADMINISTRATORS, § 109*—*authority to modify terms of contract made by deceased.* Administrators of an estate have no power or authority to modify the terms of a contract made by the deceased, and where the estate is liable on a contract made by deceased for failure to deliver corn after a reasonable time they have no power to extend the time for delivery.

3. SALES, § 124*—*time for delivery where time not specified in contract.* Where no time of delivery is specified on sale of chattels, a reasonable time under all the circumstances will be implied, and what is a reasonable time under all the circumstances in the case is a question of fact for the jury to determine.

4. CONTRACTS, § 254*—*necessity of consideration for subsequent agreement as to time for performance.* After the time for the performance of a contract has passed, any arrangement made between the parties for the performance of the contract at a different time is not binding unless supported by a new consideration.

MR. JUSTICE PHILBRICK took no part in the consideration of this case.

---

## J. I. Case Threshing Machine Company, Appellant, v. Horace M. Tallman, Appellee.

### (Not to be reported in full.)

Appeal from the Circuit Court of Shelby county; the Hon JAMES C. McBRIDE, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed December 27, 1913. Rehearing denied.

## Statement of the Case.

Action by J. I. Case Threshing Machine Company against Horace M. Tallman to recover the balance of

an alleged purchase price of certain notes executed by J. W. Henderson, Jr., to plaintiff, the notes being secured by chattel mortgages. Plaintiff claims that defendant agreed to pay a certain sum for the notes and mortgages. After defendant refused to accept a tender of them they were foreclosed by plaintiff, and the balance sued for is the difference between the contract price and the proceeds of the foreclosure sale. From a judgment in favor of defendant, plaintiff appeals.

CHAFEE & CHEW and GEORGE B. RHOADS, for appellant.

E. A. RICHARDSON and U. G. WARD, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

### Abstract of the Decision.

1. SALES, § 329*—*when evidence insufficient to establish sale of notes and mortgages.* In an action to recover the purchase price of certain notes secured by chattel mortgages, the evidence being conflicting whether defendant agreed to purchase them, *held* that a verdict for defendant was sustained by the evidence.

2. APPEAL AND ERROR, § 1514*—*when remarks of counsel not based on excluded evidence.* Argument of counsel to the jury concerning the anxiety of an agent of plaintiff to induce defendant to purchase notes, *held* not a comment on excluded evidence concerning same but based on the acts of the agent and the inferences legitimately deduced therefrom.

3. APPEAL AND ERROR, § 1537*—*when giving of duplicate instructions not reversible error.* Giving of an instruction stating an abstract proposition of law and another instruction which is a concrete application of the law stated in the abstract instruction, *held* not reversible error, though the abstract instruction should not have been given.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.